UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

----------

UNITED STATES OF AMERICA,

           Plaintiff,

vs.

RYAN ARNEAL LANE,

           Defendant.
                              /

No. 1:17:cr-032

Hon. Janet T. Neff
United States District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Ryan Lane and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. **The Defendant Agrees to Plead Guilty.** In the Western District of Michigan, the defendant, Ryan Lane, agrees to plead guilty to Count One of the Indictment which charges him with the Conspiracy to Distribute Cocaine, in violation of Title 21, United States Code, Sections 846 and 841(B)(1)(c).

2. **The Defendant Understands these Crimes.** In order for the Defendant to be guilty of this offense, the following must be true:

    A. Between on or about November 26, 2016 and November 29, 2016, in Calhoun County, Michigan, and elsewhere, an illegal agreement (a conspiracy) existed between two or more persons to distribute and possess with intent to distribute cocaine; and

    B. Defendant knew the purpose of the conspiracy and knowingly and intentionally joined the agreement.

The Defendant is pleading guilty because he is guilty of the charge described above.

1

3. <u>The Defendant Understands the Penalty</u>. The Defendant realizes that this offense is punishable by a maximum prison term of twenty (20) years; a maximum fine of $1,000,000; a period of at least three years, and up to life, of supervised release; and a mandatory $100 special assessment. The Defendant agrees to pay the special assessment at or before the time of sentencing unless the Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4. <u>Stipulations.</u>  The Defendant and the U.S. Attorney's Office agree and stipulate to the following statement

On November 29, 2016, Battle Creek police involved in highway interdiction were alerted to Lane's rental car by his driving habits, among other things. They stopped him and both he and the passenger, Jakelya Haynes, appeared extremely nervous. Lane said that he and Haynes had been driving for two days, traveling from Texas to Battle Creek. Haynes, however, said that Lane had just picked her up at the Detroit airport and they were driving to Battle Creek. The rental vehicle had enough miles on it to confirm it was driven from Texas to Michigan. Three packages of cocaine were located in a void in the back of the passenger's seat.

Lane admitted that he and Jakelya Haynes travelled from Texas to Michigan with the cocaine and that is was to be delivered to a customer in Battle Creek. Lane admitted that Haynes was "in on it from the very beginning" and that she had made similar trips in the past. By his guilty plea, Lane admits that he conspired with Jakeyla Haynes, and other persons, to possess and distribute the cocaine found in the vehicle.

The parties further agree that Lane did not possess a firearm or other dangerous weapon in furtherance of the charged conspiracy and that he was not a leader, supervisor or manager of other persons involved in the conspiracy.

5. **The Defendant Agrees to Cooperate.** The Defendant agrees to fully cooperate with the United States Department of Justice, the United States Attorney's Office, and any other law enforcement agency in their investigation of the charges contained in this case as well as the investigation of crimes over which they have actual or apparent jurisdiction. The Defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning the Defendant's knowledge of any and all criminal activity of which he is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in the Defendant's possession or under the Defendant's control, including, but not limited to, objects, documents and photographs. The Defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which the Defendant should reasonably know will assist in the investigation of other criminal activity. The Defendant will neither commit nor assist others in the commission of any criminal offense during the course of his cooperation with the United States. The Defendant will submit to polygraph examination(s) upon request. The Defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and prosecutions in which the Defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

6. **The United States Attorney's Office Agrees.**

   A. to bring no further charges arising out of the Defendant's involvement in the charged offense in the Western District of Michigan for offenses occurring before the date of this agreement;

B.     not to oppose the Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by the Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b);

C.     To seek dismissal of Count Two of the Indictment at the time of sentencing;

D.     That information provided by Defendant through Defendant's proffers, and any information provided pursuant to Defendant's promise to cooperate as described in this agreement, will not be used by the Government to enhance Defendant's sentence, in accordance with Sentencing Guidelines §1B1.8, and according to the terms of the written agreement entered into between the parties immediately prior to the proffers. It is expressly understood, however, that such information may be used by the Government at sentencing if Defendant takes a position at sentencing that contradicts information provided by Defendant pursuant to this agreement or any proffer agreement; and

E.     The U.S. Attorney's Office will decide whether to file a motion for departure or reduction of sentence pursuant to Sentencing Guidelines §5K1.1 and/or Rule 35(b) of the Federal Rules of Criminal Procedure. Defendant fully understands that such a motion may be made pursuant to law if, and only if, Defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others. The determinations of whether Defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, will be made in the sole discretion of the U.S. Attorney's Office. Defendant fully understands that this paragraph is not a promise by the Government to file a motion for departure or to reduce a sentence. Additionally, Defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion. Furthermore, if the Court were to grant the motion, the Court, not the Government, would decide how much of a sentence reduction Defendant receives based upon the nature and extent of Defendant's assistance.

Defendant understands that any departure or sentence reduction will be limited by the statutory mandatory minimum unless the Government files a written motion to release the mandatory minimum. Defendant acknowledges and agrees that Defendant may not appeal the Court's exercise of its discretion in granting or denying a motion for departure or reduction of sentence, if such a motion is made.

7. <u>The Sentencing Guidelines Apply</u>. The Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing the Defendant. The Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The Defendant understands that the Defendant and the Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. The Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range. The Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

8. <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. The Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range other than as implicated by the stipulations in paragraph 4 above. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

9. <u>Waiver of Constitutional Rights</u>. By pleading guilty, the Defendant gives up the

right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the Defendant would have had the following rights:

    A. The right to the assistance of counsel, including, if the Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the Defendant.

    B. The right to be presumed innocent and to have the burden of proof placed on the Government to prove the Defendant guilty beyond a reasonable doubt.

    C. The right to confront and cross-examine witnesses against the Defendant.

    D. The right, if the Defendant wished, to testify on the Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    E. The right not to be compelled to testify, and, if the Defendant chose not to testify or present evidence, to have that choice not be used against the Defendant.

By pleading guilty, the Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

    10.    Waiver of Appeal and Collateral Attack.

    A.    In exchange for the promises made by the government in entering this plea agreement, Defendant waives all rights to appeal or collaterally attack Defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

    B.    Exceptions. Defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

1) Defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

2) Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

3) the guilty plea was involuntary or unknowing;

4) an attorney who represented the defendant during the course of this criminal case provided ineffective assistance of counsel.

5) Defendant also retains the right to appeal those objections preserved at sentencing that the Court incorrectly determined the final Guideline range.

C. If Defendant appeals or seeks collateral relief, Defendant may not present any issue in the proceeding other than those described in this subparagraph.

11. <u>The Court is not a Party to this Agreement</u>. The Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. The Defendant understands that no one – not the prosecutor, the Defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence the Defendant will receive, except that it will be within the statutory maximum.

12. <u>This Agreement is Limited to the Parties</u>. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or

local prosecuting, administrative or regulatory authority.

13. <u>Consequences of Breach</u>.  If the Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which the Defendant would otherwise be entitled under the terms of this agreement.  In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed.  In such an event, the Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

14. <u>This is the Complete Agreement</u>.  This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in writing signed by all parties or on the record in open court.

Respectfully submitted,

ANDREW BYERLY BIRGE
Acting United States Attorney

5/8/17
Date

MARK V. COURTADE
Assistant United States Attorney

8

*United States v. Ryan Lane*
Plea Agreement – Final Page

    I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

5/8/2017
Date

RYAN LANE
Defendant

    I am Ryan Lane's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

5/8/17
Date

JOHN A. SHEA
Attorney for Defendant

9