UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - -

UNITED STATES OF AMERICA,

          Plaintiff,                            No. 1:17:cr-032

vs.

                                            Hon. Janet T. Neff

RYAN ARNEAL LANE,                    United States District Judge

          Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

The government joins the defendant in requesting this Court hold him accountable for approximately 4.6 pounds gross weight (2.2 kilograms) of cocaine. The reason for this is the police reports furnished to the government, and hence the defendant, were materially misleading, albeit not intentionally so. The reports furnished by the investigator in this case repeatedly stated that the defendant was caught with approximately two kilograms of cocaine and that,

> On 12/1/2016, a voluntary interview was conducted with Ryan LANE. LANE affirmed he was read his *Miranda* rights and chose to continue waiving his *Miranda* rights and voluntarily chose to speak with HSI SA Jeff Williams, HSI TFO Rob Henley and HSI TFO Zack Burgess *about his role in smuggling approximately 4.6 pounds of cocaine from* Mexico to Battle Creek, Michigan*. LANE provided a complete confession* to agents/ officers. The interview was conducted at the Calhoun County Jail in Battle Creek, Michigan and was audio and video recorded by the Calhoun County Jail. (emphasis added)

The report(s) of the *post-Miranda* interview did not detail the confession accurately and led the reader to believe that Ryan Lane confessed to being involved in the cocaine he possessed on the date of his arrest (4.6 pounds), and not additional relevant conduct. The government and defense counsel relied upon the reports during plea negotiations.

The tape recorded interview containing the *post-Miranda* interview was provided to the parties, but there was some difficulty playing it. The probation officer, to her credit, waded through

the interview of the defendant and made notes of what he actually said (and hence, what the police reports did not). What Lane said is not disputed, nor the accuracy of the probation officer's recitation of facts. Lane provided all that information in the form of a proffer on December 12, 2016, and the attorney for the government and Lane's attorney were therefore familiar with it – from a proffer protected standpoint. The parties entered plea negotiations in good faith and in the belief that the defendant's statements regarding relevant conduct were proffer protected.

The plea agreement, if accepted by the Court, includes an assurance from the government that the defendant's statements, made during the course of his cooperation, would not be used against him in determining his guideline range. (See Plea Agreement, PageID.103 and USSG § 1B1.8). The agreement of the parties did not envision the use of Lane's statements made while cooperating with the government.

Should the Court accept the parties position and hold Lane accountable only for the cocaine he possessed at the time of his arrest, the guideline range would be reduced to 25/I or 57 to 71 months.[1] The Court may, of course, consider Lane's proffer in determining a sentence within the otherwise applicable guideline range. The government recommends a sentence within that guideline range.

> Respectfully Submitted,
>
> ANDREW BYERLY BIRGE
> Acting United States Attorney
>
> /s/ Mark V. Courtade
> MARK V. COURTADE
> Assistant United States Attorney

August 21, 2017

---

[1]  The police reports, including the local Battle Creek Crime Laboratory report, reference only the gross weight as slightly over two kilograms of cocaine. The defense may object and request the Court to consider that packaging may reduce the weight from slightly over two to slightly less than two kilograms. The government leaves this to the discretion of the Court and does not expect to have any better weight estimate at the time of sentencing.